Justice Scalia,
with whom
The Chief Justice, Justice O’Connor, and Justice Kennedy join, dissenting.
Petitioners in this case were injured by an explosion at an Army munitions plant. They sued the United States under the Federal Tort Claims Act, 28 U. S. C. §2671 et seq., alleging, inter alia, that the explosion was caused by the Army’s failure to observe a provision in its safety manual, AMCR 385-100 §20.4 (1970) (§20.4), Pet. for Cert. 4, proscribing the use of certain types of containers for storage of hazardous materials. After a bench *883 trial, the District Court entered judgment for the Government, 659 F. Supp. 127 (WD Va. 1987); the Court of Appeals affirmed in' a brief per curiam opinion. 841 F. 2d 1122 (CA4 1988). The Court grants the petition for certiorari, vacates the judgment, and remands the case for further consideration in light of our decision last Term in Berkovitz v. United States, 486 U. S. 531 (1988).
In Berkovitz, we held that an agency’s violation of “a specific mandatory directive” — as opposed to the permissible exercise of policy discretion — is not sheltered within the discretionary function exception to the Federal Tort Claims Act waiver of sovereign immunity, 28 U. S. C. § 2680(a). Berkovitz, supra, at 544. The apparent purpose of today’s remand is to allow the Fourth Circuit to determine whether §20.4 is indeed a “specific mandatory directive.” In the circumstances of this case, however, that determination cannot make any difference. To be sure, both the District Court and the Fourth Circuit held — erroneously, as Berkovitz later established — that the discretionary function exception encompassed violations of mandatory Government regulations. See App. to Pet. for Cert. 18A-19A (District Court); id., at 4A, n. 1 (Court of Appeals). But the District Court also found as an alternative ground, after hearing the testimony of three expert witnesses, that the Army’s use of “nonconductive” containers at the plant did not violate §20.4 at all. Id., at 19A. The Fourth Circuit explicitly affirmed this finding after petitioners requested a clarification of the District Court’s decision on the issue. Id., at 4A, n. 1. Quite obviously, a Berkovitz inquiry into the mandatory or discretionary nature of a provision that has in any event not been violated is fruitless.
Petitioners argue in their reply that a different provision of the safety manual, AMCR 385-100 § 12.33(g) (1970) (§ 12.33), which requires use of a sprinkler system with particular characteristics, was also violated. It is not clear from the papers before us that this contention, which was addressed in neither the District Court’s opinion nor the Fourth Circuit’s opinion, and which is not reflected by any mention of §12.33 in petitioners’ Memorandum of Clarification Concerning Waivers of Army Safety Regulations filed with the Fourth Circuit, see App. to Pet. for Cert. 24A-26A, was even preserved on appeal. Assuming, however, that it was preserved, it was not properly presented in the petition for certiorari. The petition states that violation of § 12.33 was part of petitioners’ “theory below,” Pet. for Cert. 12, and reproduces the text *884 of § 12.33 in the preliminary section entitled “Statutes and Regulations Involved,” id., at 5. In the body of the petition, however, addressed to the “Reasons for Granting the Writ,” not a single mention of § 12.33 is to be found, and a section entitled “The Mandatory Regulation At Issue Herein” discusses only §20.4. See id., at 23-24. If this was not an explicit acknowledgment that the § 12.33 claim had subsequently been abandoned, it was at least a plain failure to present that claim to this Court. If the Court’s remand rests upon § 12.33 rather than §20.4, I think it a mischievous departure from this Court’s Rule that only issues presented in the petition will be considered, Rule 21.1(a), and our requirement that the issues be presented clearly, Berkemer v. McCarty, 468 U. S. 420, 443, n. 38 (1984).
I would deny the petition for certiorari.